UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LEO VILLARREAL,<br><br>　　　　　Defendant. | CR. 10-50082-JLV<br><br>ORDER |

On February 18, 2014, petitioner Leo Villarreal, appearing *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 ("2255 Motion") to vacate or set aside his criminal conviction in this case. (CV-14-5008, Docket 1). On May 2, 2016, the court granted in part and denied in part Mr. Villarreal's 2255 Motion. (Id., Docket 24). Mr. Villarreal appealed to the United States Court of Appeals for the Eighth Circuit. (Id., Docket 25). On October 4, 2016, the Eighth Circuit granted in part Mr. Villarreal's application for a certificate of appealability and remanded the case to the district court to determine whether Mr. Villarreal should "be resentenced under the sentence packaging doctrine applied in United States v. McArthur, No. 14-3335, 2016 WL 4698285 (8th Cir. Sept. 8, 2016)." (Id., Docket 31).

## ANALYSIS

In order to determine whether the sentence packaging doctrine applies in Mr. Villarreal's case, the court must review the relevant portion of the record.

On August 17, 2010, Mr. Villarreal was charged by a three-count indictment.[1] (Docket 1). Count I charged Mr. Villarreal with aggravated sexual abuse by force of L.L.H.[2] on March 10, 2010, in violation of 18 U.S.C. §§ 2241(a)(1), 2246(2)(A) and 1153; count II charged Mr. Villarreal with aggravated sexual abuse of a minor, L.L.H., on March 10, 2010, in violation of 18 U.S.C. §§ 2241(a)(1), 2246(2)(D) and 1153; and count III charged Mr. Villarreal with sexual abuse of M.T.L.[3] on March 10, 2010, in violation of 18 U.S.C. §§ 2242(2), 2246(2)(C) and 1153. Id. On June 23, 2011, a jury unanimously found Mr. Villarreal guilty of counts II and III of the indictment. (Docket 92). Mr. Villarreal was sentenced to a term of imprisonment on count II of 120 months and 96 months on count III, with the sentences to run concurrently. (Docket 129 at p. 2).

In resolving the 2255 Motion, the court concluded Mr. Villarreal's conviction on count III of the indictment, sexual abuse in violation of 18 U.S.C. §§ 1153, 2242(2) and 2246(2)(C), must be vacated.[4] (CV 14-5008, Docket 24). The judgment was amended consistent with the order. (Docket 151).

---

[1]The indictment was amended to reflect the correct spelling of Mr. Villarreal's name. (Docket 12).

[2]The court uses the alleged victims' initials to respect their privacy.

[3]The indictment was amended to reflect the correct name of the alleged victim. (Docket 66).

[4]The court dismissed count III of the indictment with prejudice on August 1, 2016, after the government did not file a notice of intent to prosecute the charge. (Docket 152).

Under the sentencing package doctrine, the Court of Appeals "may vacate the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)."  McArthur, 2016 WL 4698285, at *10 (citing Greenlaw v. United States, 554 U.S. 237, 253 (2008); also referencing United States v. Bruguier, 735 F.3d 754, 764 (8th Cir. 2013) (*en banc*)).  The doctrine often arises in cases involving "multicount indictments and a successful attack by a defendant on some but not all of the counts of conviction."  Id. (citing Greenlaw, 554 U.S. at 253).  A defendant has no expectation of finality in his sentence until an appeal is concluded, and the Double Jeopardy Clause "does not bar resentencing on all counts to carry out the sentencing judge's original intent."  Id. (citing United States v. Evans, 314 F.3d 329, 333 (8th Cir. 2002)).

The sentencing hearing in Mr. Villarreal's criminal case occurred on March 8, 2012.  (Docket 128).  The presentence report ("PSR") of March 5, 2012, was adopted without change.  (Docket 139 at p. 11:24-25).  In paragraph 25 of the PSR, count II had a base offense level of "30."  Id. at p. 8:21-22.  At paragraph 26, specific offense characteristic, "[f]our levels [were] added because of the nature of the sexual abuse."  Id. at p. 8:22-24.  At paragraph 27, "an additional two levels [are] added because the victim of the offense in Count 2 had reached the age of 12, but had not reached the age of 16."  Id. at pp. 8:24-9:2.  For count II the adjusted offense level at paragraph 31 was "36."  Id. at p. 9:4-5.  Because of the original conviction on count III, the PSR included a

3

"multiple-count adjustment." Id. at p. 9:9-10. That adjustment resulted in a "one-level increase . . . [so the] combined adjusted offense level" at paragraph 43 was "37." Id. at p. 9:11-15. Mr. Villarreal received "no reduction for acceptance of responsibility . . . . So the total offense level [at paragraph 46] is 37." Id. at p. 9:16-19. At paragraph 63, the PSR placed Mr. Villarreal's "Criminal History Category [at] VI on the sentencing table." Id. at p. 10:2-3. "[B]ased on a total offense level of 37 and a Criminal History Category of VI [paragraph 91 of the PSR established] the guideline range for imprisonment is 360 months to life." Id. at p. 10:5-7.

After vacating the conviction on count III, the PSR calculations must be redone beginning after paragraph 31. That results in an adjusted offense level of 36, considering only the conviction on count II. Because there is no multiple-count conviction, the adjusted offense level at paragraph 43 remains 36. As indicated earlier, there is no reduction for acceptance of responsibility, so the total offense level at paragraph 47 is 36. Using the 2011 edition of the Guidelines Manual, based on a total offense level of 36 and a criminal history category of VI, the guideline range of imprisonment at paragraph 91 is 324-405 months. See Sentencing Table, United States Guidelines Manual of the United States Sentencing Commission, 2011 ed.[5]

---

[5] The PSR at paragraph 23 used the 2011 edition of the Guidelines Manual.

4

As the sentence was being fashioned, the court concluded the "guidelines are not useful and I have a right under the Supreme Court case law to determine in individual cases, considering the sentencing factors [18 U.S.C. § 3553(a)], that the guidelines don't apply because they are not useful." (Docket 139 at pp. 45:23-46:2). The court explained in detail the reasons for a downward variance to 120 months on Count 2. See id. at pp. 36:2-37:10; 40:8-42:13; and 44:2-46:9. The court completed the analysis by announcing "[t]hat's a 10-year sentence. It's 20 years less than the bottom of the federal sentencing guidelines.[6] But as I said, I don't find the guidelines useful in this case." Id. at p. 46:18-21. Critical to the current analysis, the court concluded the sentence for count III, "a 96-month sentence . . . [would] run concurrently [with count II] so the sentence is 10 years." Id. at p. 46:23-25.

Based on the findings above and the statements made at the original sentencing, the court sees no reason to "reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." Greenlaw, 554 U.S. at 253. The court concludes there is no need to resentence Mr. Villarreal as the original sentence on count II properly carries out the court's "original intent." Evans, 314 F.3d at 333.

---

[6]With the re-calculation in the PSR discussed above, the sentence would be 204 months below the bottom of the federal sentencing guideline range.

**ORDER**

Based on the above analysis, it is

ORDERED that the amended judgment (Docket 151) entered on May 17, 2016, shall constitute the final judgment in Mr. Villarreal's case.

Dated February 9, 2018.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE